IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **VOLVO FINANCIAL SERVICES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0089-WS-B |
| | ) |
| **JRD CONTRACTING, INC.,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter comes before the Court on Plaintiff's Motion for Judgment on the Pleadings (doc. 9). The court-established briefing deadlines have expired without any response from defendants.[1]

Plaintiff, Volvo Financial Services, commenced this action by filing a Complaint (doc. 1) against defendants, JRD Contracting, Inc., John Dailey, Sr., and John Dailey, Jr. According to the well-pleaded factual allegations of the Complaint, defendant JRD Contracting borrowed the sum of $315,211.52 from Volvo Financial on or about September 30, 2015 to purchase certain

---

[1] In an Order (doc. 10) dated June 12, 2017, the undersigned fixed a deadline of June 23, 2017 for defendants to file a response to plaintiff's Rule 12(c) Motion. Although they have appeared in this action through counsel of record, defendants responded to neither the Motion nor the June 12 Order. Accordingly, defendants have waived the opportunity to be heard on Volvo Financial's Motion for Judgment on the Pleadings. Nonetheless, defendants' failure to respond does not warrant the reflexive granting of said Motion without considering its merits. *See generally Gailes v. Marengo County Sheriff's Dep't*, 916 F. Supp.2d 1238, 1243-44 (S.D. Ala. 2013) ("the Court will not treat a claim as abandoned merely because the plaintiff has not defended it in opposition to a motion to dismiss," but "the Court will review the merits of the defendant's position" instead); *Tims v. Golden*, 2016 WL 4259118, *2 n.4 (S.D. Ala. Aug. 10, 2016) ("the Court does not accept a *sub silentio* 'abandonment' theory of resolving motions to dismiss"); *Branch Banking and Trust Co. v. Howard*, 2013 WL 172903, *1 (S.D. Ala. Jan. 16, 2013) (non-movants' "lack of response to the Rule 12(b)(6) Motion does not trigger the kneejerk granting of such Motion"). That said, defendants' omission is at their peril, and they will not later be heard to complain that this Court failed to divine some argument in defendants' favor that they could have raised had they availed themselves of the opportunity to respond to the Motion.

heavy duty equipment, and executed a Promissory Note promising to repay the amount borrowed, plus interest, via 60 monthly installment payments. (Doc. 1, ¶ 6.) The Complaint further alleges that defendants John Dailey, Sr. and John Dailey, Jr. both executed Continuing Guaranties in favor of Volvo Financial, pursuant to which they guaranteed all payments, notes and indebtedness owed by JRD Contracting. (*Id.*, ¶ 11.) According to the Complaint, JRD Contracting defaulted under the note by failing to remit payment to Volvo Financial, and the Daileys breached their guaranty obligations by failing to remit payment to Volvo Financial. (*Id.*, ¶¶ 14-15.) Based on these and other factual allegations, Volvo Financial brings causes of action against defendants for breach of contract and breach of guaranty, and demands money damages in the amount of $148,743.20, plus interest, attorney's fees and costs pursuant to the terms of the subject agreements.

On April 12, 2017, defendants (all of whom are represented herein by the same counsel of record) filed an Answer (doc. 7) denying nearly every substantive allegation of the Complaint. For example, defendants' Answer denied paragraph 6 of the Complaint, in which Volvo Financial alleged that JRD Contracting had borrowed money from plaintiff and had executed a promissory note obliging it to repay those sums. (Doc. 7, ¶ 6.) Defendants' Answer denied the paragraphs of the Complaint purporting to set forth the terms of the parties' agreement, including interest, attorney's fee and collateral provisions. (*Id.*, ¶¶ 7-9.) Defendants' Answer also denied the paragraphs of the Complaint alleging that the Daileys had signed Continuing Guaranties in Volvo Financial's favor, and that defendants had defaulted on their repayment obligations. (*Id.*, ¶¶ 11-15.)[2]

---

[2] By signing an Answer that included far-reaching denials of all factual averments in the Complaint concerning the existence, nature and terms of the subject agreements, the parties' business dealings, and defendants' failure to make payments due and owing as to same, defendants' counsel certified that to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, "the denials of factual contentions are warranted on the evidence." Rule 11(b)(4), Fed.R.Civ.P. If defendants' counsel did not intend to make such a certification as to the blanket denials of virtually all factual allegations set forth in the Amended Complaint, then he should promptly move to amend the Answer pursuant to Rule 15 in a manner that conforms the Answer to the necessary certifications upon reasonable inquiry and investigation, and that fairly responds to the substance of each factual allegation of the Complaint, as required by Rules 8(b) and 11(b)(4).

Nearly two months after defendants filed their Answer, plaintiff filed a Motion for Judgment on the Pleadings. In that Motion, Volvo Financial asserts that "there is no question that Defendants executed and agreed to payment for products provided to them by Plaintiff and then failed to make payment on those products, which resulted in a breach of contract." (Doc. 9, at 5.) Volvo Financial requests in its Motion that this Court enter judgment in plaintiff's favor in the amount of $148,543.20, plus costs, fees and expenses, on the ground that "Defendants breached their contractual obligation to remit payment to [plaintiff] for the purchase of equipment." (*Id.* at 7.)

To be entitled to relief under Rule 12(c), a movant must establish that the pleadings reveal no material issues of fact and that, drawing all reasonable inferences in the non-movant's favor, the movant is entitled to judgment as a matter of law. *See, e.g., Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) ("Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law."). Where, as here, the Rule 12(b)(6) Motion is filed by the plaintiff, a critical question is whether the defendants' answer raises issues of fact that would defeat the plaintiff's recovery. *See, e.g., Gerlinger v. Amazon.Com, Inc.*, 311 F. Supp.2d 838, 843 (N.D. Cal. 2004) ("A plaintiff is not entitled to judgment on the pleadings if the defendant's answer raises issues of fact or an affirmative defense, which, if proved, would defeat plaintiff's recovery."); *Air Engineering Metal Trades Council and Affiliated Unions, AFL-CIO v. Aro, Inc.*, 307 F. Supp. 934, 935-36 (E.D. Tenn. 1969) ("In considering a motion by the plaintiff for a judgment on the pleadings, … the question for determination is whether on the undenied facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law.") (citation omitted); *Alleman v. Montplaisir*, 2013 WL 1662936, *2 (D.N.H. Apr. 17, 2013) ("the plaintiff may not secure a judgment on the pleadings when the answer raises issues of fact that … would defeat recovery") (citation omitted).

Under any reasonable application of the Rule 12(c) standard, Volvo Financial's Motion for Judgment on the Pleadings is not well taken. To be sure, the Complaint sets forth factual allegations that, if proven at trial, would establish JRD Contracting's liability for breach of its repayment obligations under the promissory note and the Daileys' liability for breach of their respective guaranty obligations. But defendants' Answer denies essentially every material fact relating to Volvo Financial's claims. Defendants have denied the Complaint's factual allegations

concerning the existence, nature and terms of the promissory note and guaranties. They have denied that JRD Contracting defaulted on its repayment obligations and that the Daileys failed to pay under the guaranties. A Rule 12(c) Motion requires that all pleadings – not just the Complaint – be considered, and that factual disputes in the pleadings be resolved in the non-movant's favor. Thus, a plaintiff is entitled to judgment on the pleadings only where the undenied facts set forth in the complaint (considered alongside material allegations of fact in the answer) establish the defendant's liability. Here, Volvo Financial's Rule 12(c) Motion would disregard the contents of the Answer altogether. After all, the only way one could conclude "there is no question that Defendants executed and agreed to payment for products provided to them by Plaintiff and then failed to make payment on those products" (doc. 9, at 5), as plaintiff's Motion posits, is if one excluded the Answer from the analysis and simply accepted all factual allegations in the Complaint at face value. Of course, Rule 12(c) requires that both the Complaint and the Answer be considered, and authorizes judgment on the pleadings only where those filings viewed in tandem reveal no material disputes of fact. *See Perez*, 774 F.3d at 1335 ("If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied.") (citation omitted). In this case, the pleadings appear to reflect that virtually all material facts are in dispute. Accordingly, plaintiff's Motion for Judgment on the Pleadings (doc. 9) is **denied**.

Finally, review of the docket sheet reveals that Magistrate Judge Bivins ordered the parties "to meet and file a report pursuant to Fed.R.Civ.P. 26(f) as soon as practicable but not later than **JUNE 12, 2017**." (Doc. 8, at 1.) That deadline expired more than three weeks ago; however, the parties have not filed their Rule 26(f) report to date. The parties are **ordered** to **show cause**, on or before **July 13, 2017**, for their failure to comply with this aspect of the Preliminary Scheduling Order.

DONE and ORDERED this 7th day of July, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE