IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **VOLVO FINANCIAL SERVICES,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    CIVIL ACTION 17-0089-WS-B |
| | ) |
| **JRD CONTRACTING, INC.,** *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

**ORDER**

    This matter comes before the Court on Plaintiff's Motion for Summary Judgment against Defendant John Dailey, Jr. and Memorandum of Law (doc. 24). The Motion was filed on February 14, 2018.

    Back on July 19, 2017, Magistrate Judge Bivins entered a Rule 16(b) Scheduling Order (doc. 13), setting forth various discovery, pretrial and trial deadlines that govern this action. Most notably, the Scheduling Order included the following provision:

> "Motions for summary judgment and any other dispositive motions, especially those that require little or no discovery, are to be filed as soon as possible but in no event later than **December 18, 2017**."

(Doc. 13, ¶ 11.) Plaintiff's Motion for Summary Judgment was filed more than eight weeks after this Scheduling Order deadline had expired. Plaintiff never sought relief from that setting or requested that the Scheduling Order be modified for any reason as to its claims against defendant John Dailey, Jr. Such claims have not been stayed, but remain set for trial in the May 2018 civil term, with a Final Pretrial Conference to take place on April 10, 2018. (*Id.*, ¶¶ 1-2.) By virtue of its unexplained, significant delay, plaintiff has effectively rendered it impossible for the newly-filed, tardy Rule 56 Motion to be fully briefed and adjudicated on the merits in advance of the Final Pretrial Conference.

    The Federal Rules of Civil Procedure are clear that "[a] schedule may be modified only for good cause and with the judge's consent." Rule 16(b)(4), Fed.R.Civ.P. The "good cause" standard "precludes modification unless the schedule cannot be met despite the diligence of the

party seeking the extension." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *see also Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) ("To establish good cause, the party seeking the extension must have been diligent."). "[D]iligence, not lack of prejudice, is the key to the Rule 16(b)(4) inquiry." *Rogers v. Hartford Life and Acc. Ins. Co.*, 2012 WL 2395194, *3 (S.D. Ala. June 22, 2012). The burden of establishing the requisite good cause / diligence rests squarely on Volvo Financial, the party seeking relief from the lapsed deadline in the original Scheduling Order. *See Longmire v. City of Mobile, Alabama*, 2017 WL 63022, *1 (S.D. Ala. Jan. 5, 2017); *United States v. Crumb*, 2016 WL 5349459, *2 (S.D. Ala. Sept. 23, 2016).[1]

Plaintiff has made no showing of the requisite diligence that might satisfy the exacting "good cause" standard of Rule 16(b)(4). By all appearances, Volvo Financial possessed the material facts on which its Motion for Summary Judgment is predicated well in advance of the December 18 deadline prescribed by the Scheduling Order. Indeed, the only record citations in the brief are to exhibits to Volvo Financial's Complaint as well as the Declaration of Phil Bain, a Volvo Financial employee. On this showing, the Court must conclude that, with diligence, plaintiff could have met the Scheduling Order's prescribed dispositive motions deadline; therefore, there is no good cause present here that might authorize relaxation of same under Rule 16(b)(4).

For all of the foregoing reasons, Plaintiff's Motion for Summary Judgment (doc. 24) is **denied** as untimely.

DONE and ORDERED this 15th day of February, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] The rationale for this diligence requirement has been succinctly expressed as follows: "[A] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril …. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Rogers*, 2012 WL 2395194, at *1 n.3 (citation omitted); *see also Baker v. U.S. Marshal Service*, 2014 WL 2534927, *2 (D.N.J. June 5, 2014) ("Extensions of time without good cause would deprive courts of the ability to effectively manage cases on their overcrowded dockets and would severely impair the utility of Scheduling Orders.").